IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARTIZ DEVARIO TILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-075 |
| | ) | |
| TELFAIR STATE PRISON CORRECTION FACILITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. BACKGROUND

Plaintiff names TSP as a Defendant. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On the evening of June 12, 2020, Plaintiff noticed his cellmate, Tyler Clark, acting in a crazy and erratic manner. (Id. at 5.) Specifically, Plaintiff witnessed Mr. Clark pacing back and forth, talking to himself, and repeatedly asking if Plaintiff had a knife. (Id.) Plaintiff notified Sgt. Roberts of the situation. (Id.) Sgt. Roberts stopped and saw Mr. Clark pacing

around the cell.  (Id.)  Sgt. Roberts told Plaintiff he would return with another officer in six to ten minutes, but he did not return.  (Id.)

In the early morning of June 13, 2020, Plaintiff began beating his door to attract the attention of Lt. Henderson during his rounds.  (Id.)  Lt. Henderson stopped briefly but walked away as Plaintiff attempted to explain the situation.  (Id.)  Mr. Clark's behavior continued throughout the early morning.  (Id.)  A few hours later, Sgt. Roberts reappeared to serve breakfast trays.  (Id.)  When Sgt. Roberts opened the flap to Plaintiff's cell, Plaintiff stuck his arm through the flap to get his attention.  (Id.)  Instead of addressing Plaintiff's concerns, Sgt. Roberts focused his attention on getting Plaintiff to remove his arm from the flap.  (Id.)  Unable to convince Plaintiff to remove his arm, Sgt. Roberts walked away.  (Id. at 6.)  Sgt. Roberts shortly returned, with a camera and additional officers, again instructing Plaintiff to remove his arm from the flap.  (Id.)  Plaintiff refused to remove his arm until the officers agreed to transfer him to another cell.  (Id.)  At this point, Sgt. Roberts instructed Sgt. Williams to handle the situation.  (Id.)

Sgt. Williams told Plaintiff he would speak to his supervisor about Plaintiff's concerns and return afterwards.  (Id.)  As Sgt. Williams walked away, Plaintiff removed his arm from the flap.  (Id.)  While awaiting Sgt. Williams' return, Mr. Clark struck Plaintiff, knocking him out.  (Id.)  Plaintiff awoke to a deep cut under his eye and blood pouring down his face.  (Id.)  Plaintiff alerted Sgt. Bailey, who took Plaintiff to the medical unit.  (Id.)  For relief, Plaintiff requests five million dollars in monetary damages for emotional and financial damages resulting from this incident.  (Id.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at

3

557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.     Telfair State Prison Is Not Subject to Liability in a § 1983 Suit

Plaintiff alleges TSP was deliberately indifferent to his safety. However, TSP is not a proper party because jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

4

### C. Plaintiff Fails to State a Valid Failure to Protect Claim

Even if TSP were a proper Defendant, Plaintiff fails to state a deliberate indifference claim regarding the assault by his cellmate. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 828. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[1] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted).  These three elements are evaluated in part by an objective standard and in part by a subjective standard.  See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal citations and quotations omitted).

Plaintiff alleges Sgt. Robert, Sgt. Williams, Lt. Henderson, and other unnamed prison officers failed to protect him because, prior to the assault, they were aware of Mr. Clark acting in a crazy and erratic manner.  (Doc. no. 1, pp. 5-6.)  Plaintiff asserts on multiple occasions he voiced his concerns about Mr. Clark's strange behavior and requested to be moved to a different cell.  (Id.)  Plaintiff contends these facts support a failure to protect claim under the Eighth Amendment, as the officers knew of Plaintiff's concerns but ignored them.  Plaintiff's allegations fail to establish any officer was deliberately indifferent to a substantial risk of serious harm or were aware Plaintiff was at substantial risk of attack.

Plaintiff does not allege that Mr. Clark had ever threatened him or physically

assaulted him before the attack. Plaintiff only states he made the officers aware of Mr. Clark pacing back and forth, talking to himself, and making erratic movements. (Id.) While Mr. Clark asked Plaintiff for a knife, Mr. Clark did not threaten to use a knife on Plaintiff, and the only reasonable inference is that neither Plaintiff nor Mr. Clark possessed any weapon. In the absence of a particularized threat of an attack, there is no claim. See McBride v. Rivers, 170 F. App'x 648, 655 (11th Cir. 2006) (holding plaintiff must allege specific and particularized threat of harm not generalized fear or problems); Carter v. Galloway, 352 F.3d 1346, 1349-1350 (11th Cir. 2003) (same).

Furthermore, there is no reckless indifference because, by Plaintiff's own description, officers were in the process of considering Plaintiff's transfer request when the attack occurred. Furthermore, little time passed between the officers' first knowledge of Mr. Clark's behavior and the time of the attack. Plaintiff first mentioned Mr. Clark's unusual behavior on the late evening of June 12, 2020, and the officers were considering whether to move Plaintiff when the attacked occurred early the next morning. Had there been a direct threat against Plaintiff, the officers arguably would have had a duty to act more quickly. The passage of such a short amount of time cannot constitute deliberate indifference in the absence of such a threat.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted

and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 30th day of March, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA